## Henry Reed v. The State.

No. 15466.  Delivered December 14, 1932.
Reported in 55 S. W. (2d) 93.

The opinion states the case.

*Tom Garrard* and *Lockhart & Brown,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property over the value of $50, punishment being assessed at two years in the penitentiary.

We find no complaint of the court's instructions to the jury, and no bills of exception challenging any ruling of the court during the trial.  The case is presented here on the sole claim that the evidence is not sufficient to support the judgment.

In February, 1930, Jim Burleson was engaged in the business of selling farm implements in Tahoka, Lynn county, Texas. About the middle of February he had stolen from his place of business at night a two-row Rock Island planter.  Some one had wanted some extras, and the boxing had been taken from the front, or guide, wheel of this planter, to supply the extras, which had been replaced by other unpainted boxing.  When the new boxing was replaced, in the wheel a bolt instead of a cotter pin was used in one place, and other bolts, which were unusual in some particulars, were also used.  Arthur Hodge was employed by Burleson and aided in installing the new boxing, and described in detail the boxing and bolts used in doing the work.  About the middle of September, 1931, eighteen months after the planter had been stolen, officers found in the possession of Henry Fortenberry a planter which was claimed by Burleson as the stolen implement, and identified positively and with much particularity by him and Hodge by means of the

substitute boxing and the manner of its installation. Henry Fortenberry had been using the planter for some time, it having been loaned to him by his brother Ernest Fortenberry. The latter testified that in February, 1930, he was on his way to town for the purpose of buying a planter and met appellant (Henry Reed), who, after learning what witness wanted, said he had a planter which he would sell witness; that later appellant brought the planter to witness' place and witness bought it for $50, giving his check therefor. The date of the purchase was fixed by the date of the check which was the 24th day of February, 1930. The witness said when he bought the planter from appellant it was in good shape, not worn to amount to anything, but appeared to have been used some. Appellant admitted selling the planter in question to Ernest Fortenberry, and testified that about ten days before selling it to Fortenberry he (appellant) had gotten it from Joe Inmon, trading him two single-row planters for it. Appellant claimed that Fred Dawson and one of Joe Inmon's sons were present when the conversation was had about trading planters. Joe Inmon was dead at the time of the trial. Dawson supported appellant's testimony. Inmon's son was not used as a witness. Henry Fortenberry testified that he had put the boxing in the guide wheel of the planter found in his possession and also claimed to have put in the bolts which Burleson and Hodge were positive they had put therein.

The foregoing recital of the facts shows that the case is peculiarly one which the jury was called upon to settle where the issues were closely drawn, and the evidence thereon in conflict. If the planter recovered by the officers from Henry Fortenberry was not the one stolen from Burleson, appellant could not be convicted; likewise, if appellant got the planter from Inmon by purchase or trade appellant could not be convicted. The learned trial judge recognized these as the pivotal fact issues and pointedly told the jury that if appellant acquired the two-row planter from Inmon, or they had a reasonable doubt thereof, to acquit him; also, that if the jury believed from the evidence that the planter taken from Henry Fortenberry by the officers was a different planter, than that taken from Burleson, or if they had a reasonable doubt as to this, they must acquit. The jury found against appellant on both defensive issues, and while the evidence is conflicting we cannot say that the finding of the jury is without support. It is a case where the jury gave credence to the state's testimony in preference to that of appellant and his witnesses.

The judgment is affirmed.

*Affirmed.*